## COMMONWEALTH *vs.* WILLIAM W. BROWN.

An indictment on *St.* 1855, *c.* 177, for fraudulently conveying real estate, without giving notice of an incumbrance, does not describe the real estate conveyed with sufficient certainty by describing it as " a certain parcel of real estate situated in Salem in the county of Essex."

*It seems,* that an indictment for fraudulently conveying " a certain parcel of real estate by a certain deed of warranty " is not sustained by proof of a conveyance of all the defendant's " right, title and interest in certain real estate, subject to one mortgage," with covenants of warranty, except against that mortgage.

INDICTMENT on *St.* 1855, *c.* 177, alleging that the defendant, on the 16th of December 1858 at Salem, " by a certain deed of warranty, dated said sixteenth day of December, did make a conveyance of a certain parcel of real estate, situated in Salem aforesaid, to one John S. Washington, who then and there paid to the said Brown a large sum of money as the consideration of said conveyance ; that there was then and there an incumbrance existing upon said real estate, to wit, a mortgage, by virtue of a deed of mortgage to one Samuel A. Brown, bearing date the second day of September, in the year of our Lord eighteen hundred and fifty eight, which said deed of mortgage had not on said sixteenth day of December been, nor was it then and there, discharged or released ; and that he, the said William W. Brown, then and there well knowing the existence of said incumbrance and mortgage, did not then and there make known to the said Washington, by exception in the deed or otherwise, the existence and nature of the same, before the said consideration was paid by the said Washington as aforesaid, but then and there unlawfully and wilfully and fraudulently conveyed said real estate to said Washington, without then and there informing the said Washington of the existence and nature of said incum brance."

At the trial in the court of common pleas in Essex at May term 1859, the defendant moved to quash the indictment, because it did not sufficiently describe the real estate conveyed, or the deed of conveyance, or the incumbrance ; and for other reasons, not now material to be stated.

The district attorney, in support of the indictment, offered in evidence a deed from the defendant, dated December 16th 1858, purporting to " give, grant, bargain, sell and convey unto the said Washington, his heirs and assigns forever, all the right, title and interest" of the defendant in a certain parcel of real estate in Salem, described by metes and bounds, and as " being now subject to one mortgage to John H. Nichols for seven hundred dollars; " and containing covenants that the defendant was "lawfully seised in fee of the aforegranted premises, that they are free of all incumbrances, except the mortgage of seven hundred dollars, as above stated," that the defendant had " good right to sell and convey the same," and of warranty " against the lawful claims and demands of all persons, except as above." The defendant objected that there was a variance between the indictment and the proof as to the nature of the conveyance. But *Sanger*, J. admitted the evidence, and after a verdict of guilty, considering the questions raised important and doubtful, reported the case for the decision of this court.

*E. W. Kimball*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

Bigelow, J. This indictment wants that certainty and precision in its material allegations, which are essential in criminal pleading, in order that the defendant may have the offence, with which he is charged, fully and plainly, substantially and formally, described to him.

1. It contains no description or allegation by which the parcel of land can be known or identified, which the defendant is charged with having conveyed without disclosing an existing incumbrance thereon. This is a fatal defect. Under *St.* 1855, *c.* 177, on which this indictment is founded, the substance of the offence cannot be alleged without such description or allegation. As, in the case of larceny, it would be wholly insufficient to allege that a person stole certain articles of personal property in a certain town or city without enumerating or describing them in any way, so in this case an averment that the defendant conveyed a certain parcel of land in the city of Salem, without any other terms of description, is bad for uncertainty. There is

nothing by which to fix the identity of the offence. The indictment lacks certainty to a common intent. The defendant may have owned other parcels of land in the city of Salem, which he conveyed to the prosecutor on the day alleged. From the indictment alone therefore it is impossible to say with certainty to what parcel of land the charge relates, or to know that the conveyance proved at the trial was of the same parcel as that on which the indictment was founded. Whenever, in charging an offence, it is necessary to describe a house or land, the premises must be set out in terms sufficiently certain to identify them. Thus, in an indictment for forcible entry and detainer, to allege that the defendant entered two closes of meadow or pasture, a house, a rood of land, or certain lands belonging to a house, is bad; for the same certainty is required as in a declaration·in ejectment. 1 Hawk. *c.* 64, § 37. 3 Chit. Crim. Law, 1122.

2. We are inclined also to the opinion that there was a fatal variance between the allegations in the indictment, describing the deed given by the defendant to the prosecutor, and the deed as proved at the trial. It is averred that the defendant, " by a certain deed of warranty, did make a conveyance of a certain parcel of real estate." The deed offered in evidence was a conveyance only " of the right, title and interest " of the grantor in the land, with a covenant of warranty against the lawful claims and demands of all persons. It was not therefore, in a strict sense, a deed of warranty of the land, but only a warranty in a limited sense, restricted to the grantor's right, title and interest therein. *Allen* v. *Holton,* 20 Pick. 458. *Sweet* v. *Brown,* 12 Met. 175. Besides, it appears by the deed that the land was conveyed subject to a mortgage which is set out and excepted from two covenants. It was, in fact, a conveyance only of the grantor's right, title and interest to the equity of redemption of the premises. But it is not so described in the indictment.

*Judgment arrested.*